## James E. Taylor v. Edward W. Bailey and Willard L. Cobb.

1. JUDGMENT—*When the Appellate Court will not Reverse.*— Where the plaintiffs are clearly entitled, under the evidence, to the judgment recovered, the Appellate Court will not interfere, although the instructions were not in strict accord with the law.

· Assumpsit, for money advanced. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

### STATEMENT OF THE CASE.

This was an action brought in the Circuit Court of Cook County, by appellees, doing business as E. W. Bailey & Co., plaintiffs, against the appellant, James E. Taylor, as defendant, for the recovery of money advanced by Bailey and Company, as commission merchants, upon account of the purchase of 100 shares of Chicago Junction Railway stock for appellant. Upon the trial the defendant, James E. Taylor, offered no evidence, but requested the court, at the close of the plaintiff's case, to instruct the jury to find the issues for the defendant, which motion was denied; the jury rendered a verdict finding the issues for the plaintiffs,

and assessing their damages at the amount claimed—
$2,292.45. Judgment was entered on this verdict, from
which judgment an appeal is taken to this court.

Walker, Judd & Hawley, attorneys for appellant.

Tenney, McConnell & Coffeen, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the
Court.

Appellant contends that the purchase made for him was
to enable him to gamble; that in this design he was know-
ingly aided by appellee, and that therefore no recovery can
be had.

It is sufficient to say that we find in the record no
warrant for such contention. Appellant did not see fit to
himself testify as to the transaction, or to introduce any
evidence.

The plaintiffs were clearly entitled, under the evidence,
to the judgment they obtained, and it is not now very im-
portant whether the instructions to the jury were in strict
accord with the law.

The judgment of the Circuit Court is affirmed.